# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JESSICA SANTIAGO-SMITH<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, JESSICA SANTIAGO-SMITH ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Henry

County, in the City of McDonough, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined in 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District, and a substantial part of the events or omissions giving

rise to the herein claims occurred within this District. Under 28 U.S.C. § 1391(d), since Defendant's principal place of business is within a State with more than one judicial district, Defendant will be deemed to be a resident of any district of this State, as Defendant has contacts sufficient to subject it to personal jurisdiction in each district of this State.

## Facts

11. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding Plaintiff's Lowes Credit Account with Synchrony Bank.

///

///

12. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Synchrony Bank, an inaccuracy found in the credit report published

by EQUIFAX. The following is a description of the inaccuracy and failures of EQUIFAX to investigate and update its reporting of the account in question:

15. On or about August 25, 2023, Plaintiff and Second Round Limited Partnership, acting on behalf of Synchrony Bank, entered into an agreement to settle a credit account ending in 9810 (the "Account") for $4,065.55.

16. Per the terms of the settlement agreement, Plaintiff made twenty-four payments to the total sum of $4,065.55. with the final payment made on June 6, 2025, fully satisfying the settlement agreement and Account.

17. On August 11, 2025, Plaintiff received a copy of her credit report from EQUIFAX.

18. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Synchrony Bank reported incorrect information regarding the Account to EQUIFAX.

19. Specifically, EQUIFAX reported the Account rating as "CHARGE_OFF" even though the Account was paid and settled in June 2025. Additionally, EQUIFAX failed to accurately report the payment history on the Account.

20. EQUIFAX's failure to report the Account correctly, including its failure to report the accurate rating and failure to accurately report the payment

history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

21. On October 7, 2025, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on the Account.

22. In her dispute letter, Plaintiff included her full name, mailing address, date of birth, and complete social security number in the dispute letter to aid EQUIFAX in identifying her. Plaintiff also included proof of the agreement between herself and Synchrony Bank and proof of the payment made in satisfaction of the agreement, showing that the Account reporting was inaccurate.

23. In response to Plaintiff's dispute, EQUIFAX did not conduct an investigation, and it did not provide Plaintiff with dispute results.

24. Instead, EQUIFAX sent a form letter to Plaintiff which explained that it could not locate Plaintiff's credit file using the information provided in her dispute letter.

25. In this form letter, EQUIFAX requested specific information be sent to it to aid in locating Plaintiff's credit file, despite the availability of virtually identical information Plaintiff include in her dispute letter.

26. Because Plaintiff already provided EQUIFAX with the information requested in the form letter, EQUIFAX had sufficient information to locate

Plaintiff's credit file, including her full name, mailing address, previous mailing address, date of birth, and complete social security number.

27. In response to EQUIFAX's letter and in a continued effort to fix the inaccurate reporting of the Account and to the exclusion of alternate strategies to obtain correction of her report, Plaintiff followed EQUIFAX's instructions in its form letter and sent EQUIFAX a package containing all of the requested information and necessary documents.

28. Despite her compliance with EQUIFAX's form letter, EQUIFAX again failed to conduct any investigation or any reasonable investigation to assist Plaintiff in resolving the dispute regarding her inaccurate credit report.

29. Moreover, EQUIFAX displaying its sheer disregard for its FCRA reinvestigation obligations, not to mention Plaintiff's time and effort, again sent the same form letter to her, redundantly demanding the same information it had previously requested and received.

30. EQUIFAX's responses failed to offer any resolution to Plaintiff's dispute, and as a result, her situation remains unchanged. Her credit report still contains inaccurate information, just as it did before the initial dispute

31. Upon information and belief, EQUIFAX failed to conduct an investigation into Plaintiff's dispute letter, and it did not provide Plaintiff with any results.

32. As a result of EQUIFAX's failure to meet the duties imposed upon it under the FCRA, Plaintiff has suffered multiple credit denials since her dispute letters and suffered financial losses as a result of a diminished purchasing capacity.

## COUNT I – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

35. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

36. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. Further, after Plaintiff's disputes put EQUIFAX on notice of likely inaccuracies and reasons to doubt the correctness of the reporting of its creditor-customers, EQUIFAX ignored that information and did not use any human or

substantive review to confirm and verify that its procedures were ensuring maximum possible accuracy of Plaintiff's credit reports.

38.  EQUIFAX furnished multiple consumer reports to third parties containing the inaccurate tradeline information disputed by Plaintiffs and it did so after receiving notice of these inaccuracies.

39.  EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40.  In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41.  Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

42.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

43.  After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44.  Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i(a)(6)(A) and 1681i(a)(6)(B)

49. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-32.

50. Defendant violated 15 U.S.C §§ 1681i(a)(6)(A) and 1681i(a)(6)(B) when it failed to provide any notification of dispute results.

51. As a result of this conduct, Plaintiff suffered a delay in information regarding the status of her dispute.

52. Plaintiff suffered actual harm in the form of damage to creditworthiness and credit reputation, including by publication of disputed information by EQUIFAX after their dispute, emotional distress, anxiety, and frustration caused by Defendant's failure to properly notify Plaintiff of the results of its reinvestigation, and loss of time and resources in attempts to communicate with Defendant and correct the errors.

53. Plaintiff also suffered a denial of information that was the core of the FCRA since its enactment and material are not otherwise available absent EQUIFAX providing same.

54. Plaintiff is therefore entitled to recover statutory damages, punitive damages, costs, and her attorneys' fees from Defendant pursuant to 15 U.S.C. § 1681n.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i(a)(1)(A)

55. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-32.

56. Defendant violated 15 U.S.C § 1681i(a)(1)(A) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to

determine whether the disputed information was inaccurate and to subsequently update the information in the file within 30 days.

57. As a result of this conduct, Plaintiff suffered a delay in the processing of her dispute.

58. Discovery will show that Plaintiff suffered a credit report that contained the disputed inaccuracy and that was published to a third party after the date of her dispute.

59. Plaintiff suffered actual harm in the form of credit injury by publication of disputed information by Equifax after her dispute, mailing and paper expense, and time lost as a result of Defendant's refusal to reinvestigate her dispute within the time required, which she is entitled to recover pursuant to 15 U.S.C §§ 1681n and 1681o.

60. Plaintiff suffered actual economic harm in the form of days and months of continuing restriction from active credit and the credit system, loss of time spent processing subsequent disputes, costs of copies and postage.

61. Defendant's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

62. Plaintiff is therefore entitled to recover statutory damages, punitive damages, costs, and her attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n.

## COUNT V – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i(a)(2)

63. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-32.

64. Defendant violated 15 U.S.C. § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to provide notice of Plaintiff's dispute to the furnisher of the disputed information within the time required.

65. Had EQUIFAX forwarded Plaintiff's dispute and information as required, the respective furnishers of the information disputed by Plaintiff would have been obligated to conduct their own independent substantive investigation – which, if done, would have caused correction of the disputed and inaccurate account information or, at the very least, notation that the account reporting was subject to a bona fide dispute.

66. As a result of this conduct, Plaintiff suffered actual damages in the form of credit injury, including by publication of disputed information by EQUIFAX after her dispute, emotional and mental distress and frustration injuries, reputational injury, and time lost as a result of Defendant's refusal to reinvestigate

her disputes within the time required, which she is entitled to recover pursuant to 15 U.S.C. §§ 1681n and 1681o.

67. Defendant's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

68. Plaintiffs are therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

/ / /

/ / /

/ / /

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 01/23/2026                                 Respectfully submitted,

*/s/ Mark A. Carey*
Mark A. Carey
Law Offices of Mark A. Carey, P.C.
5600 Roswell Rd. Ste. Bldg C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcareylaw@ymail.com
Attorneys for Plaintiff,
JESSICA SANTIAGO-SMITH
